**NOT FOR PUBLICATION**

**FILED**

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JINSHI JIN,<br><br>     Petitioner,<br><br> v.<br><br>WILLIAM BARR, Attorney General,<br><br>     Respondent. | No. 16-70296<br><br>Agency No. A201-060-081<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
BOARD OF IMMIGRATION APPEALS

Argued and Submitted July 15, 2019
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,** District Judge.

Jinshi Jin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing her appeal from an immigration

judge's (IJ) decision denying her application for asylum, withholding of removal,

and relief under the Convention Against Torture. The IJ denied her claims based on

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

an adverse credibility determination, noting numerous inconsistencies between Jin's testimony and her documentary evidence as well as Jin's failure to provide reliable corroborative evidence. The BIA upheld the IJ's adverse credibility finding based on three of the inconsistencies identified by the IJ and the lack of corroborative evidence. On appeal, Jin argues that the inconsistencies relied on by the BIA cannot serve as substantial evidence in support of the adverse credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition.

We review findings of fact, including adverse credibility determinations, for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). When the BIA issues a reasoned opinion, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id*. (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). "[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Id*. (quoting *Tekle*, 533 F.3d at 1051).

The government urges the Court to review all the reasons identified by the IJ, rather than just the reasons set forth by the BIA in its decision, citing *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). The government's reliance on *Morgan* is misplaced. In *Morgan*, this Court reviewed all of the grounds supporting the IJ's credibility determination, even though the BIA's opinion only discussed a

few of those grounds, because the BIA "appear[ed] to adopt the immigration judge's 'credibility determination' both in the opinion itself, which proceed[ed] by giving examples from it, and by the denial of the motion to reopen, which sp[oke] as though that determination was controlling." *Id*. Here, though the BIA listed a few examples from the IJ's opinion, it is not apparent that the BIA adopted all the grounds for the IJ's credibility determination. Moreover, like in *Lai*, the BIA identified one of the grounds discussed as "significant." Thus, we limit our review to the reasons specifically stated in the BIA decision as required by *Lai* and *Tekle*. *See Lai*, 773 F.3d at 970.

The BIA identified three inconsistencies between Jin's testimony and her documentary evidence. The first is that Jin's testimony was inconsistent with the Chinese administrative penalty decision that she submitted concerning the date of her arrest. She testified that she was arrested on Sunday, May 2, 2010, during church services; however, the administrative penalty decision reflects that she was arrested on May 1, 2010, which was a Saturday. This inconsistency cannot serve as the sole basis for the adverse credibility determination because it is a "minor discrepanc[y] in dates" that has "no bearing on credibility." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (internal quotation marks and citations omitted).

The second basis for the BIA's finding is that Jin's testimony conflicts with the administrative penalty decision as to the location of her arrest. Jin testified she

was arrested at her home. But, the administrative penalty decision stated she was arrested at a rental property on Park Street in Yanji City, which does not match the address Jin gave for her home during that period. Jin explained that "there was a big park near [her] place so a lot of people just called it Park Street." This inconsistency cannot legally serve as substantial evidence for a credibility finding because neither the IJ nor BIA provided "a specific and cogent reason for rejecting" Jin's "reasonable and plausible explanation." *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (citing *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009)).

The third basis for the BIA's finding is that Jin testified inconsistently about her activities in China prior to leaving. Jin submitted a certificate showing she attended cooking school in China in 2010 to demonstrate that her asylum application was timely filed. However, she testified that she was not doing anything other than working at a cosmetic shop and selling clothes before she left China. Only after the IJ pointed out that Jin submitted a cooking class certificate did Jin acknowledge that she had taken the class. When the IJ asked Jin why she said she was not studying anything, Jin said: "Well, basically when you said schooling, I thought of it as like an academic study . . ., I did not think of [the cooking class] as an academic study[.]" This inconsistency likewise cannot form the basis for an adverse credibility finding because neither the IJ nor the BIA addressed Jin's explanation. *See Zhi v. Holder*, 751 F.3d 1088, 1092–93 (9th Cir. 2014).

Although the three inconsistencies identified by the BIA cannot serve as substantial evidence in support of the adverse credibility determination, "there is a reasonable prospect from the administrative record that there may be additional reasons upon which the IJ or BIA could rely[.]" *Soto-Olarte*, 555 F.3d at 1095. Accordingly, the adverse credibility finding is remanded on an open record to allow the agency to reexamine Jin's credibility and consider Jin's explanations for the inconsistencies.[1] *See id*. at 1095–96.

**GRANTED** and **REMANDED**.

---

[1] The BIA also upheld the IJ's finding that Jin failed to present sufficient reliable evidence to corroborate critical elements of her claim. On appeal, Jin argues that the IJ did not provide adequate notice of the need for corroborating evidence and an opportunity to present it or explain why it is unavailable as required by *Ren*. *See* 648 F.3d at 1091–92. Jin is only entitled to such notice if her testimony is found to be "otherwise credible." *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) (citation omitted). On remand, if the BIA finds Jin credible, it should evaluate whether she was given proper notice under *Ren*.

16-70296